Good morning, everyone. Please sit down. We have a number of matters on today's calendar. I understand that all counsel are present either in the courtroom or remotely for the argument calendar, the regular calendar. I understand Mr. Singh, appearing pro se, has not yet appeared, but that matter is last on the argument calendar. So hopefully he'll arrive in time. Otherwise, that matter will be deemed submitted. We also have a bail motion to be argued this morning in United States v. Kukushkin, 22666. And we'll hear argument in that matter first. Otherwise, we'll dispense with the call in the calendar. Good morning. Good morning, Your Honors. May it please the Court. My name is Celeste Kuhlefeld. I represent Andre Kukushkin here on appeal. Mr. Kukushkin should be granted bail pending appeal while his appeal is being decided because his appeal presents a number of substantial questions that could fairly be decided the other way or that are fairly debatable. Most fundamentally, there is a substantial question about Mr. Kukushkin's guilt and whether the evidence proved his guilt beyond a reasonable doubt, in particular on the conspiracy count, as to whether there was a meeting of the minds, and also as to whether Mr. Kukushkin willfully joined a conspiracy with the intent to violate the federal election laws. As to whether there was a meeting of the minds or not on the conspiracy count, there was no meeting of the minds. What happened here is that the alleged co-conspirators, Igor Fruman and Lev Parnas, were just interested in getting Mr. Moraviev's money from Mr. Moraviev. And they are single-mindedly focused throughout the events in question on getting that money and on trying to fool Mr. Kukushkin as to what they're really up to. They constantly provide assurances about how they're busy running around getting licenses and meeting with people, but their underlying goal is simply to get the money. And so even if there were some kind of an underlying thread about trying to work on a cannabis business, which is Mr. Kukushkin's primary purpose here, is to fund a cannabis business that he is trying to get going in light of changing laws in the United States that are in favor of marijuana businesses. He wants to capitalize on that, and he's trying to fund this business and get the business off the ground. I'm sorry, Your Honor? Can I ask you a preliminary matter? Yes, sir, Your Honor. Apparently, he did not file for bail in the district court before filing here. That's right. So what are we to make of that? Well, Your Honor, under United States v. Hoshevar, that case is very clear that the court, especially toward the beginning of a case on appeal, especially before the appeals brief is filed, prefers for a defendant to go to the district court first and set that as a rule in that case, but also made it clear that the rule is not jurisdictional. So in other words, there's nothing that prevents a defendant from coming straight to the court of appeals as a matter of a rule or a jurisdictional matter, and also that the court can suspend that rule and hear the matter in the first instance. And the rules are also clear, and the statute is very clear that this court- Well, Your Honor- How do we factor- Really, the question is how do we factor this in to us? I think that that doesn't change the overall analysis, Your Honor, that there was a schedule set. The schedule was not followed, and when I was appointed to represent Mr. Kokushkin, I took time to become familiar with the record. And given that Judge Etkin had already said that he would not be inclined to grant the motion for a bail pending appeal, and given that he had made a post-trial ruling denying the Rule 33 and Rule 29 motions, that would explain his reasoning for at least deciding that those matters would not be ruled in Mr. Kokushkin's favor. Given that there was that record for the court to go on, and given that the question before this court is really one of, is there a substantial question to be decided on appeal? Not will Mr. Kokushkin prevail on his appeal, but is there a substantial question that can fairly be decided the other way? You point, you say that there's a substantial question about his involvement in the conspiracy, but the government points to a number of different messages that strongly suggest that he was conspiring with the charged object of the conspiracy. How do you respond to that? Those, the government picks out a few messages. All it takes is a few. Well, not in the context of a whole series of messages, along with missing phone calls, missing meetings, missing as to what happened in between those messages, and we have a lot of other messages pointing in other directions. So it isn't a consistent story here that's being told. The government is piecing together a snippet here and a snippet there and trying to say that, you know, one plus one equals two when there is actually a lot more to the equation where we don't know what the whole story is, given that there was no cooperating witness, no insider who told a story here for the government to tell. So the government pieces together a bunch of messages to tell its own narrative, which actually doesn't fit all of the evidence that is present before the court. So what we're asking for the court to do here is to grant bail pending appeal while this is sorted out. And there's also a very substantial question about willfulness, what Mr. Kokushkin thought when he was entering into these alleged agreements. Counsel, it's difficult for us to grant relief on such a short sentence, given the way our system works. Have you moved for an expedited appeal in the off chance that we don't grant you relief? Your Honor, it's still going to be very difficult for the case to be decided in the ten and a half months that Mr. Kokushkin is facing. And that actually is a factor in favor of granting bail pending appeal under this court's precedent. That's why I'm asking if you are requesting expedited appeal, and I'll ask the government as well. Your Honor, our brief is due on July 22nd at the moment. So it is fairly expedited, I can try to expedite it even further. When is July 22nd? That's when our brief is due. Right. Yes, the days, the 91 days from when I was appointed. The schedule is set such that the brief is due in approximately a month. But if you want to hear this case in September, so it's heard before Mr. Kriskin serves his entire sentence, why wouldn't you move for expedited appeal? I would certainly be happy to proceed in an expedited way, but I think I would respectfully ask that if that were to be the circumstance, that he not be asked to be required to surrender in the meantime. What could you remind us, the surrender date has been moved to July? July 1. July 1. So it's only in three weeks. And given the shortness of the sentence here, I would ask that the court extend that surrender date until the appeal is decided. What are the conditions of release? I don't have those exactly on top of my head, but it's a large bond secured by cash or by property, and he has limits as to where he's allowed to be. He was initially on an ankle bracelet, and that, I believe, was changed to a curfew. The bail conditions have been modified over time and loosened. There's no objection from the government. There's no indication here that he's a flight risk of any kind. He has been complying with his bail conditions scrupulously. So, counsel, what would be the difference between granting bail or just extending the release date? They would have the same effect, right? Yes, Your Honor. So we're just calling in something else? Right. I didn't mean to change the terminology on you, Your Honor. You're only asking us for release because it would be up to the district court to change the surrender date, right? Well, the effect of granting bail pending appeal would be to change the surrender date until after the appeal is over, I think. Well, in your client's case, hopefully avoiding any surrender date ever if you- That's correct, Your Honor. That's the whole idea, is not to spend any time in jail when under the circumstances we think he should have been acquitted and is innocent of the charges. You're moving for bail. That's before us. Okay. Thank you very much. Thank you, Your Honors. Mr. Scott? Thank you, Your Honor. I should let you know that Ms. Cooleville was my chief in general crime for a year or so. We're not going to concede error yet, Your Honor. Good morning, Your Honor. May it please the court. My name is Hagan Scotton. I represent the government in this appeal, and I represented them in the case below. I'll start with the substantive point that Ms. Cooleville made, this idea that the fraud is somehow a problem for the government. And just two points on that. First, this was very much Kukushkin's defense at trial, this idea that everything here didn't line up. It was fully before the jury. It was a factual question that the jury resolved. And for all the reasons Judge Etkin stated, that was well within the jury's ability to resolve their opinion. Their verdict was more than reasonable. I think it was obviously correct. But to be specific on that, I think the sort of undisputable fact, especially on appeal, is that there was a financial analyst, a forensic accountant, who traced $136,000 of Moravia's money to paying for actual donations to U.S. candidates. So that alone says it wasn't just Fruman and Parnas, the U.S. counterparties to the conspiracy here, deceiving him.  So they were not deceiving him into the object of making donations. It is true, and it was undisputed and first said by the government at trial, that Parnas and Fruman skimmed a huge amount of money. They were very bad co-conspirators. But because the statutory threshold here is $25,000 and the amount donated is no less than $136,000, Kukushkin's complaint essentially is I bargained for a million dollars worth of crime and I only got 15% of that. So it wasn't a basis for him to prevail at trial, and it is certainly not a basis to overturn the jury's verdict. Would you mind addressing the jury instruction question? Because I understand that the sufficiency standard of review is quite deferential to the verdict, right? I mean, it's just an incredibly deferential standard. But for the jury instructions, we would be looking at de novo, right? So would you mind just touching on that argument? Yes, Your Honor. So Kukushkin's request below and here was that he should have received the heightened willfulness standard applicable in complex tax cases under Cheek and Ratzlaff, the idea being that we would have had to prove that he knew the specific provision of law his actions violated. And Judge Etkin denied that, saying that there's a generally applicable standard established by the Supreme Court in Bryan, which this Court has called generally applicable. It said that in Kaczynski. And every circuit and every court to consider the question has applied to the laws at issue here. And I think with good reason, Your Honor. These are not the sort of complex tax provisions where an innocent person could be tripped up. One of them just says you cannot donate in the name of another. That's the sort of similar to the statute George, which is about false statements in a passport application. Everyone knows you shouldn't lie, and so it's not the sort of complex tax statute. And with respect to the foreign national statute, the district court had charged that in order to convict Mr. Kukushkin, we had to prove that he acted with a bad purpose to disobey the law, that he knew that some aspect of his conduct was unlawful, and that he disregarded that or acted with the intent to commit that conduct that violated the law. So sort of at a legal level, I think the law is pretty clear that the Bryan standard applies. But two, to the extent the court has any reservations about, would everyone know that a foreign national donation of $25,000 or more breaks the law? The government had to prove that he really was breaking the law. The jury was told that, that he can't be convicted without a showing that he knew he was acting lawfully. So the jury found that, Your Honor. Subject to any further questions, I'll rest my papers. Thank you, Your Honor. How would the government feel about an expedited appeal? If it's requested or ordered, we'll consent to it. Thank you, Your Honor. Thank you very much.